TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

17 - 784

Tina Peel, on behalf of herself and all others similarly situated, PLAINTIFF(S)

V.

Comcast Cable Communications Management LLC, DEFENDANT(S)

SUMMONS

To the above named defendant: Comcast Cable Comm. Mgmt LLC by its atty Cheryl Pinarchick 200 State St 7th Floor Boston, MA 02109

You are hereby summoned and required to serve upon Lisa Brodeur-McGan, plaintiff's attorney, whose address is 1350 Main St Ste 202 Springfield MA 01103, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the 16th day of November in the year of our Lord two thousand ~~sixteen~~ seventeen.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** TINA PEEL <br> **ADDRESS:** | | **COUNTY** Hampden |
| | **DEFENDANT(S):** COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | |
| **ATTORNEY:** LISA BRODEUR-MCGAN <br> **ADDRESS:** 1380 Main Street, Suite 202, Springfield, MA 01103 <br> 413-735-1775 | | **ADDRESS:** |
| **BBO:** 556755 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................... $
  2. Total doctor expenses ..................................................... $
  3. Total chiropractic expenses ............................................. $
  4. Total physical therapy expenses ...................................... $
  5. Total other expenses (describe below) ............................. $
     Subtotal (A): $
B. Documented lost wages and compensation to date ............... $ 180,000.00
C. Documented property damages to dated ............................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ....................................... $ 800,000.00
F. Other documented items of damages (describe below) .......... $ 100,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Emotional distress and attorney fees

TOTAL (A-F):$ 1,0800,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X /s/ Lisa Brodeur-McGan     Date: 11/3/17

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ Lisa Brodeur-McGan     Date: 11/3/17

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                                 Superior Court Department
                                                             Civil Action No.

TINA PEEL, on behalf of herself and all others similarly situated,
            Plaintiff

v.

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,
            Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1) Plaintiff, Tina Peel ("Peel"), is an individual of legal age who resides in Manchester, New Hampshire.

2) Plaintiff files this action on her own behalf and on behalf of all the persons that are similarly situated.

3) At all times relevant, Defendant, Comcast Cable Communications Management, LLC, is a foreign corporation with a regular place of business at 3303 Main Street, Springfield, Hampden County, Massachusetts.

4) Prior to December 1, 2016, Comcast of Massachusetts I, Inc., was a duly incorporated company with a regular place of business at 3303 Main Street, Springfield, Hampden County, Massachusetts.

5) On December 1, 2016, Comcast of Massachusetts I, Inc., merged with Comcast Cable Communications Management, LLC.

## FACTUAL BACKGROUND

6) Tina Peel is a fifty-five year old lesbian woman.

7) Upon information and belief, Peel began working for Comcast of Massachusetts I, Inc., in 2009 as a residential sales person.

8) In 2015, Peel's paycheck were issued by Comcast of Massachusetts I, Inc.

9) In 2016, Peel's paychecks were issued by Comcast of Massachusetts I, Inc.

10) In 2017, Peel's paychecks were issued by Comcast Cable Communications Management, LLC.

11) Upon information and belief, all prior Comcast entities from 2015 through 2017 were merged with defendant corporation Comcast Cable Communications Management, LLC. (hereinafter referred to as "Comcast).

12) In 2012, Peel applied for and was approved for a transfer to business sales as a BAE I, an entry level sales position.

13) As a BAE I, Peel's performance was exemplary and she met or exceeded her sales goals.

14) As a result of her high performance, in April 2013 Peel was promoted to BAE II.

15) Again, Peel's performance as a BAE II was exemplary.

16) Peel's managers at Comcast, including Alex Sardo and Paul Savas, told Peel that performing sales coaching was a pre-requisite for promotion to a sales manager position.

17) In April 2014, Peel applied for and was transferred to a sales coaching position.

18) This position was a significant pay cut, but Peel relied on the statements that being a sales coach was a pre-requisite to being a sales manager.

19) In 2013-2014, Ryan Blakeslee, a younger male, was promoted from sales coach to sales manager and accepted a position in Florida.

20) Peel applied for the sales manager position.

21) Peel was an excellent candidate for the position given her history with Comcast.

22) Everyone involved in the decision to promote for the sales manager position was male.

23) At the relevant time, all Comcast's sales managers for the New England Sales Region for Business Service were male.

24) Comcast promoted Chris Johnson, a 28 year old male, for the sales manager position, bypassing Peel.

25) At the time, Chris Johnson was a BAE I and did not have the sales coaching or advanced products experience that Peel had.

26) After the decision to promote Chris Johnson over her was told to Peel, Alex Sardo's treatment of Peel changed significantly for the worse.

27) Alex Sardo stopped speaking with Peel, cancelling one-on-ones with her, and essentially froze her out of sales meetings.

28) Peel reported these issues to Comcast's Human Resources Department.

29) Comcast's Human Resources Department did nothing about Peel's issues.

30) On September 18, 2015, Peel filed a complaint against Comcast with the Commission Against Discrimination Commission alleging gender discrimination and retaliation.

31) After filing that Complaint, Peel received little support in her work at Comcast and was put in a position to fail.

32) Peel, as a Senior BAE, was supposed to have a weekly ride-out with her manager, a practice for managers to ensure that Senior BAEs were utilizing all effective strategies and to offer pointers on how to increase productivity.

33) From March 2016 to July 2016, Peel received only one ride-out with her then-manager, Patrick Hebda.

34) In July 2016, Hugh Meehan took over the role of Senior Manager and from that time on, Peel had only had one ride out, with Hugh Meehan.

35) On August 25, 2016, there was a senior team meeting held at Samuel's Tavern in Springfield, Massachusetts, with the Senior BAEs and Hugh Meehan.

36) As Peel was leaving that meeting, Hugh Meehan pulled Peel in close to him and kissed her on the cheek.

37) For everyone else, including another woman, he simply shook their hands.

38) Hugh Meehan told Peel "That's what I do."

39) Peel expressed to Hugh Meehan that she did not appreciate being kissed by her managers.

40) Peel then filed an internal complaint with Comcast regarding the kissing incident.

41) The investigation substantiated her allegations and Hugh Meehan was apparently coached on sexual harassment.

42) Since Peel's complaint of sexual harassment, her support at work disappeared entirely and Comcast acted and failed to take other steps that caused economic and other career harm to Plaintiff; such actions were retaliatory.

43) By way of example, Peel had no ride-outs with her manager and had no effective one-on-ones to go over leads.

44) On Wednesday, October 26, 2016, Peel was given a verbal warning because her production had declined and she was no longer meeting her sales goals.

45) Also on October 26, 2016, the Senior BAEs were all assigned individual sales sub-territories, whereas before they were previously free to track leads throughout the entire territory.

46) Peel was assigned a territory in northern Western Massachusetts and southern Vermont.

47) When Peel saw the sprawling and unproductive territory relative to her peers, Peel complained to her bosses, Hugh Meehan and Patrick Hebda.

48) Peel believes these actions were retaliatory for both her prior claim of discrimination filed with the MCAD and her complaint of sexual harassment to Human Resources.

49) On March 1, 2016, Peel filed a second complaint with the MCAD alleging further retaliation she had suffered as a result of her first filing.

50) Because of the discriminatory and retaliatory treatment Peel was suffering in her current position with Comcast, Peel attempted to remove herself from that situation by applying for different positions within the company.

51) Peel through counsel sought remedial help from HR and from defense counsel.

52) No viable efforts were made to remediate the problems.

53) On or about May 20, 2017, Peel applied for a transfer to a position out of the area, in Manchester, New Hampshire.

54) After submitting her application, Peel conversed several times with a talent recruiter for Comcast in that region.

55) The recruiter told Peel she would be speaking with her sales manager and would get back to her.

56) Peel has not heard anything from the recruiter since.

57) The failure to transfer/promote was retaliatory and further discrimination.

58) Due to this ongoing discriminatory and retaliatory conduct, on or about July 3, 2017, Peel submitted her resignation from Comcast.

59) However, on or about August 6, 2017, Peel applied for a Manager 1 position in Comcast's Manchester, New Hampshire office.

60) Peel believed she was a good candidate for this position given her proven track record with the company and strong management qualities.

61) On or about August 6, 2017, Peel also applied for a Manager 2 position in Comcast's Manchester, New Hampshire office.

62) For many of the same reasons as above, Peel was a strong candidate for this position.

63) On or about August 14, 2017, Peel received a call from Mike Martin, a recruiter with Comcast who told Peel she did not get the Manager 1 position.

64) Martin then asked Peel if she had been notified about the outcome of her application for the Manager 2 position, and when she told him no, he said that someone would get in touch but she was not getting that position either.

65) To date, Peel has not heard back regarding her application to the Manager 2 position.

66) Peel is well qualified for these positions and based on information and belief is more qualified than the persons selected.

67) Comcast did not grant Peel these promotions and transfers based on her complaints to the Massachusetts Commission Against Discrimination against the company and/or based on other discriminatory animus.

68) Toward the end of her employment with Comcast, Peel began to notice the great disparity in its workforce: Comcast has very few women and persons over 40 in positions comparable to hers and those she was qualified for.

69) Peel is aware of many other women and persons over 40 who were passed over for promotions and in the hiring process.

70) Plaintiff has filed multiple actions at the MCAD, including a last action in 2017 for which she filed a complaint for all similarly situated persons.

71) Comcast's discriminatory practices have been continuous and ongoing for years and have formed a pattern and practice of discrimination.

## COUNT I
### *M.G.L. Chapter 151B Gender Discrimination*

72) Paragraphs 1 through 67, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

73) Plaintiff is a woman, a class given protections under Chapter 151B of the Massachusetts General Laws.

74) Plaintiff, along with other women, have been discriminated against by Comcast in that they have been treated differently and not offered the same opportunities for advancement as men.

75) As a result of Defendant's discriminatory treatment, Plaintiff and other similarly situated women have suffered financial, emotional, and other harm.

## COUNT II
### *M.G.L. Chapter 151B Age Discrimination*

76) Paragraphs 1 through 69, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

77) At all relevant times, Plaintiff was over the age of forty, putting her in a class of people given protections under the law.

7

78) Plaintiff, along with other people over forty, have been discriminated against by Defendant in that they have been treated differently and not offered the same opportunities for advancement as younger people.

79) As a result of Defendant's discriminatory treatment, Plaintiff and other similarly situated individuals have suffered financial, emotional, and other harm.

## COUNT III
### Unlawful Retaliation in Violation of *M.G.L.* c. 151B

80) Paragraphs 1 through 73, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

81) Defendant, by and through the conduct of its agents, employees, or servants, retaliated against Plaintiff for filing complaints of discrimination and sexual harassment.

82) As a result of Defendant's illegal conduct, Plaintiff suffered economic and other damages, including damage to her reputation, emotional distress, and lost wages, and incurred attorney fees.

## COUNT IV
### Title VII Gender Discrimination

83) Paragraphs 1 through 76, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

84) Plaintiff is a woman, a class given protections under Title VII of the Civil Rights Act of 1964.

85) Plaintiff, along with other women, have been discriminated against by Defendant, in that they have been treated differently and not offered the same opportunities for advancement as men.

86) As a result of Defendant's discriminatory treatment, Plaintiff and other similarly situated women have suffered financial, emotional, and other harm.

## COUNT V
### *Unlawful Retaliation in Violation of Title VII*

87) Paragraphs 1 through 80, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

88) Defendant, by and through the conduct of its agents, employees, or servants, retaliated against Plaintiff for filing complaints of discrimination and sexual harassment.

89) As a result of Defendant's illegal conduct, Plaintiff suffered economic and other damages, including damage to her reputation, emotional distress, and lost wages, and incurred attorney fees.

## COUNT VI
### *ADEA Age Discrimination*

90) Paragraphs 1 through 83, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

91) At all relevant times, Plaintiff was over the age of forty, putting her in a class of people given protections under the law.

92) Plaintiff, along with other people over forty, have been discriminated against by Defendant in that they have been treated differently and not offered the same opportunities for advancement in the company as younger people.

93) As a result of Defendant's discriminatory treatment, Plaintiff and other similarly situated individuals have suffered financial, emotional, and other harm.

## COUNT VII
### *Unlawful Retaliation in Violation of ADEA*

94) Paragraphs 1 through 87, supra, are hereby incorporated herein by reference and re-alleged as if set forth fully herein.

95) Defendant, by and through the conduct of its agents, employees, or servants, retaliated against Plaintiff for filing complaints of age discrimination.

96) As a result of Defendant's illegal conduct, Plaintiff suffered economic and other damages, including damage to her reputation, emotional distress, and lost wages, and incurred attorney fees.

**Wherefore,** Plaintiff Tina Peel demands judgment against Defendant Comcast Cable Communications Management, LLC, in an amount to be determined at trial, plus liquidated damages, interest, costs, attorney fees, and any other relief this Court deems fair, just, and equitable.

## JURY DEMAND

Plaintiff Tina Peel hereby requests a trial by jury on all facts and issues in the above-captioned action.

Date: November 7, 2017

Respectfully Submitted
Plaintiff, Tina Peel

Lisa Brodeur-McGan, Esq. (BBO# 556755)
lbm@brodeurmcgan.com
Daniel X. Montagna, Esq. (BBO# 679341)
dmontagna@brodeurmcgan.com
Brodeur-McGan, P.C.
1380 Main Street, Suite 202
Springfield, MA 01103
(413) 735-1775; Fax: (413) 735-1772

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>1779CV00784 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Tina Peel, on behalf of herself and all others similarly situated vs. Comcast Cable Communications Management, LLC | | Laura S Gentile, Clerk of Courts |
| TO: Lisa Brodeur-McGan, Esq.<br>Brodeur-McGan, P.C.<br>1380 Main St<br>Suite 202<br>Springfield, MA 01103 | | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/05/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 03/06/2018 | |
| All motions under MRCP 12, 19, and 20 | 03/06/2018 | 04/05/2018 | 05/07/2018 |
| All motions under MRCP 15 | 03/06/2018 | 04/05/2018 | 05/07/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 09/04/2018 | | |
| All motions under MRCP 56 | 10/02/2018 | 11/01/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/01/2019 |
| Case shall be resolved and judgment shall issue by | | | 11/06/2019 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>11/06/2017 | ASSISTANT CLERK<br>Cheryl Coakley-Rivera | PHONE<br>(413)735-6016 |
|---|---|---|

Date/Time Printed: 11-06-2017 15:00:16                                    SCV026\ 11/2014